Karrie HAUGSTAD; Kenneth Haugstad, for themselves and as guardians of T.H., a minor, Plaintiffs—Appellees,

v.

STANWOOD SCHOOL DISTRICT, Defendant—Appellant.

No. 00–35795.

D.C. No. CV–99–00737–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2002.

Decided March 13, 2002.

Before POLITZ,* CANBY, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Stanwood School District appeals from a judgment on a jury verdict, under Washington law, awarding damages for negligent supervision.

The district court did not abuse its discretion [1] in denying the District's motion in limine in part or by refusing to give the District's proposed jury instruction: [2] the

---

** The Honorable Henry A. Politz, Senior United States Court of Appeals Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* The Honorable Henry A. Politz, Senior United States Court of Appeals Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See United States v. Ross*, 206 F.3d 896, 898 (9th Cir.2000) (denial of motion in limine reviewed for abuse of discretion).

2. *See Monroe v. City of Phoenix*, 248 F.3d 851, 857 (9th Cir.2001) (formulation of jury instructions reviewed for abuse of discretion). *See also Shaw v. City of Sacramento*, 250 f.3d 1289, 1293 (9th Cir.2001) (jury instruction errors subject to harmless error review).

evidence was relevant, and the School District's argument that the evidence violated F.R.E. 407 is meritless. The same holds for the School District's objections to specific testimony during trial.[3] The district court did not abuse its discretion under F.R.E. 611 by permitting Superintendent Bodnar to testify on cross-examination about matters not covered on direct.[4]

The School District contends that, under Washington law, the Haugstads' claims for negligent supervision and negligent infliction of emotional distress should have been dismissed as duplicative of their claim for discrimination under R.C.W. 49.60 (2001).[5] We decline to review this issue as the District raises it for the first time on appeal.[6]

AFFIRMED.

---

3. *See Freeman v. Allstate Life Insurance Co.,* 253 F.3d 533, 536 (9th Cir.2001) (evidentiary rulings reviewed for abuse of discretion).

4. *Id.*

5. *See Francom v. Costco Wholesale Corp.,* 98 Wash.App. 845, 991 P.2d 1182, 1192 (2000).

6. *See Bradley v. Harris Research Inc.,* 275 F.3d 884, 891 (9th Cir.2001).